# IN THE COURT OF APPEALS OF IOWA

No. 14-1032
Filed October 28, 2015

**TERESA CHRISTINE PAYNE,**
        Plaintiff-Appellant,

**vs.**

**GREAT RIVER HEALTH SYSTEMS, GREAT RIVER
MEDICAL CENTER, GREAT RIVER BUSINESS
HEALTH, DR. JAMES MILANI, DR. RICK GARRELS,
and DR. MATTHEW J. HOFFMAN,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Des Moines County, Mary Ann

Brown, Judge.


Teresa Payne appeals the district court's adverse grant of summary

judgment as to her medical malpractice action.  **AFFIRMED.**


Kenneth J. Weiland Jr. of Weiland Law Firm, P.C., Des Moines, for

appellant.

Connie Alt and Kerry A. Finley of Shuttleworth & Ingersoll, P.C., Cedar

Rapids, for appellees Great River Health Systems, Great River Medical Center,

Great River Business Health, Milani, and Garrels.

Christine L. Conover and Carrie Thompson of Simmons, Perrine, Moyer,

Bergman, P.L.C., Cedar Rapids, for appellee Hoffman.


Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Teresa Payne appeals the district court's entry of summary judgment in favor of the defendants in this medical malpractice action against Great River Health Systems, Great River Medical Center, Great River Business Health, Dr. James Milani, Dr. Rick Garrels, and Dr. Matthew J. Hoffman. She argues her failure to certify an expert witness did not warrant dismissal of her suit.

## I. Background Facts.

The facts as alleged by Payne are that she fell and injured her leg on April 6, 2011. On April 7, 2011, she went to the emergency room at Great River Medical Center for treatment and had an x-ray of her leg and knee. The emergency room doctor thought she had a bruise on her leg and put her leg in an immobilizer. She was then sent to Great River Business Health and treated by Dr. Rick Garrels. Dr. Garrels saw Payne on April 7, 2011, and did not diagnose a fracture or dislocation. Payne was then transferred to Dr. James Milani. On April 15, 2011, an MRI was performed. Dr. Hoffman interpreted the results of the MRI.[1] Dr. Milani told Payne on April 19, 2011, that the MRI did not show any injury other than a bone marrow bruise. Another x-ray was performed on May 18, 2011. After reviewing this x-ray, Dr. Milani diagnosed a fracture of the tibia. Payne's affidavit states that on her third visit with Dr. Milani, "he told me that he had made an error in the diagnosis and that there was a fracture or crack of the Tibia. Dr. Milani also indicated that he could do nothing to treat the fracture because the fracture was already healing." Payne reports she confronted Dr.

---

[1] The record does not reflect that Payne met or consulted with Dr. Hoffman. He did not diagnose a bone fracture.

Milani on June 1, "about his failure to properly diagnose[.] Dr. Milani stated that the misdiagnosis would not happen to him because he is a Doctor."

On May 20, 2013, Payne filed a medical malpractice petition, alleging the named defendants' failure to earlier diagnose the fracture of her tibia constituted negligence. Dr. Hoffman filed an answer on September 3, 2013. All other defendants filed a joint answer on September 16, 2013.

On April 10, 2014, the defendants moved for summary judgment because Payne had failed to timely certify an expert witness pursuant to Iowa Code section 668.11 (2013),[2] and Payne could not establish medical negligence without expert testimony. The district court granted the motion, and Payne appeals.

## II. Scope and Standard of Review.

We review the grant of summary judgment for correction of errors at law. *See Rathje v. Mercy Hosp.*, 745 N.W.2d 443, 447 (Iowa 2008); *Hill v. McCartney*, 590 N.W.2d 52, 54 (Iowa 1998).

Summary judgment is proper when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Christy v. Miulli*, 692 N.W.2d 694, 699 (Iowa 2005) (quoting Iowa R. Civ. P. 1.981(3)).

---

[2] Section 668.11 provides,
> A party in a professional liability case brought against a licensed professional . . . who intends to call an expert witness . . . shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within . . . one hundred eighty days of the defendant's answer . . . .

## III. Discussion.

> In order to establish a prima facie case of medical malpractice, plaintiff must show evidence establishing the applicable standard of care, demonstrating the standard has been violated, and showing a causal relationship between the violation and the alleged harm.
>
> Generally, when the ordinary care of a physician is an issue, only experts can testify and establish the standard of care and the skill required. If the standard of care of a physician . . . is at issue, Iowa law permits only testimony upon appropriate standard of care by an expert who has qualifications, related directly to the medical problem at issue and type of treatment administered.

*Hill*, 590 N.W.2d at 56 (citations omitted). It is uncontested that Payne has failed to certify an expert.

Payne argues summary judgment is nevertheless improper. Though acknowledging expert testimony is typically required to establish negligence in a medical malpractice action, she relies upon an exception—"when the lack of care is so obvious it is within comprehension of a lay person." *Id.*; *see also Graeve v. Cherny*, 580 N.W.2d 800, 802 (Iowa 1998). She argues, "[S]omeone of average intelligence is able to understand the concept of a broken bone." Her argument is an oversimplification of the issues in her case. We agree with the district court, which reasoned that a showing of a broken bone is not enough; Payne was required to show there had been a "misreading" of the x-rays and MRI's. The court observed,

> Lay people are not capable of interpreting or reading X rays or MRI's. Reviewing X rays or MRI's is technical and not within the knowledge of a common layperson. The fact that the Plaintiff had an X ray on May 18, 2011, that disclosed a fracture of her tibia does not in and of itself establish that the physicians misread the MRI's or X rays that were taken in April 2011. Expert testimony will be necessary to establish that. As a result, the Court concludes that expert testimony is necessary to establish the standard of care in this particular case and that the doctors did not follow it.

We agree with the district court; this case does not fall within the exception to the general requirement of expert testimony.

Payne goes on to claim in the alternative that she does not need outside expert testimony because statements allegedly made by Dr. Milani constitute an admission of malpractice.[3]  *See id.* ("Admissions of medical malpractice by a defendant physician can constitute the direct expert testimony needed to show malpractice.").  However, the alleged statements arise only from Payne's affidavit, which states, "[W]hen I confronted Dr. Milani about his failure to properly diagnose[,] Dr. Milani stated that the misdiagnosis would not happen to him [Dr. Milani] because he is a Doctor."  We agree with the district court that, this "statement in and of itself is not a clear admission that [Dr. Milani] felt he had not followed the reasonable standards of medical care."  Though the alleged statement is ambiguous, we cannot identify any interpretation of the statement that could amount to an admission of malpractice.  It certainly cannot "establish the applicable standard of care."  *See Oswald v. LeGrand*, 453 N.W.2d 634, 640 (Iowa 1990).

Lastly, Payne claims summary judgment was improper because her current treating physician, Dr. Hendricks, can testify without certification under Iowa Code section 668.11.  However, she did not so allege before the district court, and the claim is not preserved.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

---

[3] As the district court noted, even if Payne were to prevail on this theory, summary judgment would still be proper as to all defendants other than Dr. Milani.

In reviewing this record in the light most favorable to Payne, the defendants are entitled to judgment as a matter of law. Without expert testimony, Payne is unable to carry her burden to prove the applicable standard of care. We affirm.

**AFFIRMED.**